# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

  v.                                                         **Case No. 13-CR-090**

**FROYLAN BAUTISTA**
    **Defendant.**

## ORDER

Defendant Froylan Bautista pleaded guilty to conspiracy to distribute 500 grams of more of cocaine. At his January 31, 2014, sentencing hearing, I adopted the pre-sentence report's guideline calculations: base offense level 32 based on a drug weight of 5-15 kilograms of cocaine, U.S.S.G. § 2D1.1(c)(4) (2013); plus 2 levels under U.S.S.G. § 2D1.1(b)(12); and minus 3 levels under U.S.S.G. § 3E1.1, for a final offense level of 31. Coupled with defendant's criminal history category of II, level 31 produced an imprisonment range of 121-151 months. Based on the 18 U.S.C. § 3553(a) factors, and consistent with the joint recommendation of the parties, I imposed a sentence of 72 months.

On January 20, 2015, defendant filed a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2). That statute permits the court, in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, to reduce the term of imprisonment, after considering the factors set forth in § 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. Defendant relies on Amendment 782, which generally reduces offense levels in drug trafficking cases by

2, and which the Commission has designated for retroactive application. U.S.S.G. § 1B1.10(d) (policy statement). Under that Amendment, defendant's base offense level drops to 30, U.S.S.G. § 2D1.1(c)(5) (2014), and his imprisonment range to 97-121 months.

The court may not reduce a defendant's term of imprisonment to less than the minimum of the amended guideline range, U.S.S.G. § 1B1.10(b)(2)(A), and defendant's existing sentence of 72 months is already below that point. He therefore cannot receive a reduction. Citing United States v. Hicks, 472 F.3d 1167 (9th Cir. 2007), defendant argues that the court is not restricted by § 1B1.10(b)(2)(A), but Hicks's construction of the guidelines in 18 U.S.C. § 3582(c)(2) proceedings has been rejected. See Dillon v. United States, 560 U.S. 817, 829-30 (2010); United States v. Cunningham, 554 F.3d 703, 706 (7th Cir. 2009).

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 94) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 23rd day of January, 2015.

/s Lynn Adelman
LYNN ADELMAN
District Judge